Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>WESLEY BARTLETT BUERKLE,<br><br>  Defendant. | NO.  3:05-cr-0054-JKS<br><br>**WESLEY BUERKLE'S<br>SENTENCING MEMORANDUM** |

**I.    Introduction.**

Wesley Buerkle submits this sentencing memorandum to assist the court at the March 5, 2007, sentencing.  At sentencing, Mr. Buerkle will be asking the court to adopt the parties' joint recommendation calling for a credit-for-time-served sentence with conditions of supervision to include regular psychiatric consultation with appropriate medication to control his mental illness, and total abstinence from alcohol and non-prescribed controlled substances.

**II.    A Credit For Time Served Sentence With Appropriate Supervised Release Conditions Is Sufficient But Not Greater Than Necessary To Achieve The Sentencing Purposes Set Forth In 18 U.S.C. § 3553(a).**

**A.    Introduction.**

Title 18 U.S.C. § 3553(a) requires this court to "impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2). Section 3553(a)(2) states that the purpose of a sentence is:

- to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

- to afford adequate deterrence to criminal conduct;

- to protect the public from further crimes of the defendant; and

- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The statute further directs the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Extended discussion about the changes in federal sentencing practices after *United States v. Booker*, 125 S. Ct. 738 (2005), is unwarranted. This court is cognizant of the changes in federal sentencing practices mandated by *Booker*.

Mr. Buerkle respectfully submits that a credit-for-time-served sentence with supervised release conditions to include

- regular psychiatric consultation;

- appropriate medication to control his mental illness;

- total abstinence from alcohol and non-prescribed controlled substances; and

- monitoring by regular search and screen conditions

represents a sentence which is sufficient but not greater than necessary to achieve the sentencing purposes established by 18 U.S.C. § 3553(a).

At sentencing, the parties will be jointly recommending that Mr. Buerkle receive a credit-for-time-served sentence provided that the conditions of supervised release included in the judgment include appropriate mental health counseling conditions.[1]

B.  **Nature And Circumstances Of The Offense.**

1.  **Mr. Buerkle's Mental Illness Contributed Significantly To His Offense.**

Wesley Buerkle suffers from paranoid schizophrenia. This illness contributed significantly to the circumstances of Mr. Buerkle's offense and in fact rendered him incompetent to proceed for more than a year and a half.

The events alleged in the indictment occurred on April 30, 2005. On August 22, 2005, this court signed an order directing that Mr. Buerkle be evaluated for competency to proceed. PSR ¶ 6. On February 15, 2006, Dr. Patricia A. Hyatt submitted a forensic evaluation finding Mr. Buerkle incompetent to proceed to trial. *See* Dr. Hyatt's report appended to PSR. The court committed Mr. Buerkle to the Bureau of Prisons for competency restoration on March 13, 2006. Mr. Buerkle was transported to F.M.C. Butner and on November 20, 2006, Doctors Edward Landis and Ralph Newman determined that Mr. Buerkle had been restored to competency. The doctors noted

---

[1] There is no written plea agreement. However, at the change of plea hearing, the parties agreed to jointly recommend a credit-for-time-served sentence coupled with appropriate mental health counseling supervised release conditions at the time of sentencing. *See* Tab A (Change of Plea transcript at pages 3 and 4).

that Mr. Buerkle was discharged on 30 mg per day of Abilify, recommended that he receive regular psychiatric consultation, and that he refrain from all use of alcohol and non-prescribed drugs. *See* Report of Doctors Landis and Newman appended to PSR.

### 2. The Offense Is Mitigated Because Mr. Buerkle Did Not Know He Was A Prohibited Person.

Wesley Buerkle is a prohibited person for two reasons. First he is a prohibited person because more than 15 years ago, he was convicted of felony driving under the influence in Kern County, California. PSR. ¶ 62. Second, Mr. Buerkle is a prohibited person because nearly 10 years ago, he was involuntarily committed to Osawatomie State Hospital after the Wichita Police Department reported that he made threats against then President Bill Clinton. PSR ¶ 80. The United States Secret Service arrested Mr. Buerkle for threatening the President and Mr. Buerkle was committed to the Osawatomie State Hospital pursuant to a Kansas state statute. The federal government declined prosecution and the Secret Service closed its case less than five months after Mr. Buerkle's arrest. *Id.*

However, his offense is mitigated because he did not know that a 15-year-old felony drunk driving conviction from California, or that a 10-year-old involuntary mental health commitment from Kansas, rendered his possession of firearms in Alaska unlawful under 18 U.S.C. §§ 922(g)(1) and (g)(4). *See* Exhibit A (Change of Plea Transcript at pg. 9 and 16). *See also* Exhibit B, pages 5 - 12 (Transcript of Mr. Buerkle's interview with AFT Agent Bobich and APD Detective Logan).

> **3.    Mr. Buerkle's Offense Is Mitigated Because He Cooperated Fully With The Police.**

On April 30, 2005, a citizen reported Mr. Buerkle acting strangely with a weapon at a time when he appeared to be intoxicated. PSR ¶ 20. Anchorage Police Officers contacted Mr. Buerkle and determined that he was intoxicated. PSR ¶ 21, 22. He cooperated fully and allowed the officers to remove the two weapons from his residence. PSR ¶ 23.

The government obtained the indictment in this case after it learned of Mr. Buerkle's felony drunk driving conviction and his involuntary mental health commitment. PSR ¶ 28. A month later, on July 20, 2005, Mr. Buerkle was arrested on a warrant issued when the indictment was returned, again without incident. PSR ¶ 29. Moreover, Mr. Buerkle readily agreed to a search of his property. PSR ¶ 30.

> **C.    Wesley Buerkle's History And Characteristics.**

Wesley Buerkle has struggled with alcohol abuse all his life. Indeed, most of his contacts with the criminal justice system are alcohol related driving offenses or licensing offenses that follow from the alcohol related driving offenses. Mr. Buerkle's ability to cope with his alcohol problem has clearly been compromised by his mental health issues. Despite his multiple contacts with the criminal justice system, Mr. Buerkle has never been compelled to submit to closely supervised substance abuse counseling and has never been required to submit to closely supervised mental health counseling. All of his contacts have been misdemeanor contacts with no formalized supervision. His one felony contact with the system came 15 years ago and it does not appear that any concerted effort was made to address the combination of his mental health issues and his substance abuse issues.

This case presents the first significant opportunity for supervised intervention in a manner that can address both his mental health issues and his alcohol abuse issues. Accordingly, Mr. Buerkle respectfully submits that a credit-for-time-served sentence followed by regular psychiatric consultation, including appropriate medication to control his mental illness, a total abstinence of alcohol and non-prescribed controlled substances, and monitoring by appropriate search and screen conditions represents a sentence which is sufficient but not greater than necessary to achieve the sentencing purposes established by 18 U.S.C. § 3553(a).

    **D.**    **The Recommended Guideline Range.**

Mr. Buerkle recognizes that the guideline range recommended in the presentence report is 63 to 78 months and that applicable case authority requires the court to consider the advisory guideline range as one of the factors to consider when fashioning a sentence. In this instance the guideline range in the presentence report should be discounted for the reasons outlined in the objections he submitted to the draft presentence report.

First, Mr. Buerkle contends that the correct base offense level should be 14 instead of 18. The alleged silencer was not found until July 20, 2005, and there is no evidence that he possessed it on April 30, 2007. If the government desired a sentence based on the silencer, it should have been the basis for the indictment. Even more important is the fact that the alleged silencer was extremely ineffectual. The sound reduction created by the alleged device produced a reduction of only 4.72 decibels, a difference that is not discernable to the unaided ear.

Second, the guideline range should be discounted because Mr. Buerkle's criminal history is over-represented. Virtually all of Mr. Buerkle's prior criminal history is alcohol related

driving offenses or driving offenses that flow from earlier license suspensions related to the alcohol related driving offenses.

### III.     Conclusion.

For all these reasons, Mr. Buerkle asks for a credit-for-time-served sentence followed by appropriate psychiatric followup and complete abstinence from alcohol and non-prescribed controlled substances.

DATED at Anchorage, Alaska this 26th day of February 2007.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:         907-646-3400
Fax:              907-646-3480
E-Mail:        kevin_mccoy@fd.org

Certification:
I certify that on February 26, 2007,
a copy of *Wesley Buerkle's Sentencing Memorandum* was served electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and on February 27, 2007, a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Kevin F. McCoy