NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)271-1500
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-00054-JKS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| WESLEY B. BUERKLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and submits its sentencing memorandum concerning defendant, Wesley Buerkle, as follows:

I.  **Summary of Estimated Guideline Calculations**

The Government has no objections to the presentence report (PSR) calculations of the how U.S. Sentencing Guidelines (U.S.S.G.) apply to the Defendant in this case. Therefore, the Defendant is facing a guideline sentencing range of 63-78 months.

II. **Response to Anticipated Objections**

The Defendant has filed objections to the PSR related to the silencer and additional rifle found at the time of the Defendant's arrest. The Defendant objects that the Probation and Pretrial Services Officer (PPSO) has considered those firearms in his analysis of the U.S.S.G. However, the Defendant provides no precedent to contradict the PPSO's conclusion that the additional firearms are appropriately considered as relevant conduct.

The Defendant also objects to the PPSO's analysis of his criminal history level. The Defendant's position is that because most the past offenses are related to alcohol abuse, that the court should give them less consideration in calculating the Defendant's final criminal history category. The Government has no basis to believe that the calculations of the PPSO are not accurate, and again, the Defendant has provided no precedent to support his position that these previous offense should not be considered in the final U.S.S.G. calculations. However, as

discussed below, the Government considers a departure below the applicable criminal history category appropriate in this case.

## III. Government's Recommendation

The Government will recommend that the court sentence the Defendant to 46 months imprisonment. Also, as per the agreement during the change of plea hearing, the Government agrees that the Defendant should get credit for the time he has served since his arrest in July of 2005. While the parties discussed the potential guidelines calculations at the change of plea hearing, there was no agreement on a sentence, and no basis for the court to depart below the applicable guideline range to the extent requested by the Defendant.

The court, when considering the sentence of the Defendant, is guided by the factors stated in 18 U.S.C. §3553. While the Defendant asks the court to focus on history and characteristics of the Defendant, especially his difficulties with mental illness and alcoholism, the Government asks the court to give strong consideration to protecting the public. The Defendant came to the attention of law enforcement officers because neighbors saw him brandishing a shotgun outside while clearly intoxicated. When officers later went to arrest him on the indictment, they found a silencer, materials to make additional silencers, equipment to produce some form of fake identification cards, and another firearm,

this one stolen. Moreover, the Defendant has a history of driving under the influence, and leaving the scene of an accident. His last DUI conviction, in 2004, was the result of a .242 blood alcohol level, three times the legal limit. These offenses occurred in Alaska, all in the past 7 years. The Defendant is a danger to the community in a variety of ways, and court must consider protection of the community as paramount.

However, consideration of the history and characteristics of the Defendant is also appropriate. The Government empathizes with the Defendant's struggle with mental illness and alcoholism. A review of the PSR leads to the conclusion that a significant portion of the Defendant's violations are likely related to these problems. As such, the Defendant's criminal history category does not seem to accurately reflect the form of his conduct, especially in comparison to other offenders that the court is likely to see. The Government recommends that the court depart below category VI, possibly to category IV, to more accurately reflect the type of past offenses committed by the Defendant. However, the Defendant must still be accountable for his conduct. The psychological examinations enclosed as part of the PSR indicate that when he takes the appropriate medication, he becomes more stable. If he knows that taking the

medication will help prevent him from offending, he is responsible for choosing not to take the medication.

The Defendant also cooperated with the law enforcement officers throughout this case, never denying his possession of the firearms, allowing the officers to search his residence and storage trailers, and ultimately agreeing to plead guilty to the charges. Based upon this cooperation, the Government recommends that the court issue a sentence at the low end of the appropriate guideline range.

A criminal history category of IV, when combined with the offense level of 19, equates to a sentence of 46-57 months. As stated above, the Government recommends the low end of the range, 46 months. A sentence of 46 months,

\\

\\

\\

\\

along with a 3 year period of supervised release, is a just sentence that will protect the public.

RESPECTFULLY SUBMITTED this 27th day of February, 2007, in Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/Bryan Schroder
>BRYAN SCHRODER
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 W. 7th Avenue, #9, Room 253
>Anchorage, Alaska 99513-7567
>Tel.: (907)271-5071
>Fax: (907)-271-1500
>Email: bryan.schroder@usdoj.gov
>Bar #: WA 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2007,
a copy of the foregoing **GOVERNMENT'S SENTENCING MEMO**, was served,
via Electronic Filing, on:

**Kevin McCoy,**
Federal Public Defender

s/Bryan Schroder